# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **DALLAS WELDON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**NATCH'S LLC,** )<br>a domestic limited liability company, )<br>)<br>**Defendant.** )<br>_____ ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Dallas Weldon, by and through his counsel as undersigned, hereby files this Complaint and sues Natch's LLC, an Alabama limited liability company, for injunctive relief, for attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA"), and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) in that all events giving rise to this lawsuit occurred in this District, specifically Talladega County.

3. Plaintiff, Dallas Weldon, (hereinafter referred to as "Weldon" or "Plaintiff") is a resident of the State of Alabama and suffers from what constitutes a "qualified disability" under the ADA. Since the age of 16, Weldon has suffered from physical impairments associated with paraplegia resulting from injuries to his spine which he sustained due to a fall from elevation. Weldon is bound to a wheelchair as his condition absolutely inhibits the major life activity of walking and substantially limits him in the exercise of normal bodily functions. As a result of his years of paralysis, Weldon also has limited function and dexterity in the use of his hands and fingers. Prior to filing this lawsuit and within the applicable statute of limitations period, Plaintiff personally visited Natch's BBQ & Grill at 33565 US Highway 280, Childersburg, Alabama, but was denied full, safe, and equal access to, and full and equal enjoyment of, the subject property due to the Defendant's lack of compliance with the ADA and more specifically, the barriers to access listed in Paragraph 24, below, that he personally encountered. Weldon continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe, and equal access due the barriers to access that continue to exist.

4. Defendant, Natch's LLC, (hereinafter referred to as "Defendant") an

Alabama limited liability company, is authorized to conduct, and is conducting, business within the State of Alabama. Upon information and belief, Defendant, Natch's LLC, is the owner/operator of the business which is the subject of this action, the barbeque restaurant and grill known as Natch's BBQ & Grill at 33565 US Highway 280, Childersburg, Alabama. As such, Defendant maintains control over the subject location and at all times relevant hereto participated in the design, construction and/or decisions regarding any subsequent necessary and/or required modifications of same.

5. All events giving rise to this lawsuit occurred in the State of Alabama. Venue is proper in this Court as the premises are located in Childersburg of Talladega County, in the Northern District, Eastern Division.

## COUNT I – VIOLATION OF THE ADA

6. On July 26, 1990, President George H.W. Bush signed into law the Americans with Disabilities Act ("ADA"), a comprehensive civil rights law prohibiting discrimination on the basis of disability.

7. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

8. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply

with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

9. One year after the enactment of the ADA, on July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.[1]

10. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.[2]

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. 29 U.S.C. § 792. The Board consists of 13 public members appointed by the President, the majority of whom must be individuals with disabilities, and the heads of the 12 Federal departments and agencies specified by statute, including the heads of the Department of Justice and the Department of Transportation. Originally, the Access Board was established to develop and maintain accessibility guidelines for facilities designed, constructed, altered, or leased with Federal dollars under the Architectural Barriers Act of 1968. 42 U.S.C. § 4151, *et seq*. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. § 12134(c), 12186(c), but vests with the Attorney General sole responsibility for the promulgation of those standards that fall within the DOJ's jurisdiction and enforcement of the regulations. The ADA also requires the DOJ to develop regulations with respect to existing facilities subject to Title III.

11. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

12. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

13. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

14. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

15. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements for readily achievable barrier removal in existing facilities contained in subpart C of 28 CFR part 36.304.[3]

16. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building,

---

[3] As of March 15, 2012, mandatory and complete compliance with the 2010 Standards is required of existing facilities that fail to comply with the corresponding technical and scoping specifications of the 1991 Standards.

facility, parking facilities, and/or otherwise related facilities where Natch's BBQ & Grill is located at 33565 US Highway 280, Childersburg, Alabama is a place of public accommodation covered by the ADA and which must be in compliance therewith; to wit: a barbeque restaurant and grill which provides food, beverages, and other related merchandise and services to the public. [4]

17. To assist businesses in offsetting the costs associated with complying with the ADA, Section 44 of the IRS Code provides a tax credit for small businesses and a tax deduction for all businesses, including the Defendant. The tax credit is available to businesses that have total revenues of $1,000,000 or less in the previous tax year or 30 or fewer full-time employees. This credit can compensate $5,000 of eligible access expenditures made per year. This tax credit is made available to businesses for the express purpose of offsetting the costs of undertaking barrier removal and alterations to improve accessibility for the disabled. The tax deduction of $15,000 per year is available to all businesses and can be claimed by the Defendant for expenses incurred in barrier removal and alterations.

---

[4] The classification of facilities as "new construction", "alterations", or "existing facilities" under the ADA is neither static nor mutually exclusive. For the purposes of establishing a continuing obligation for barrier removal, newly constructed or altered facilities are also existing facilities. As such, a newly constructed facility is not only subject to the accessibility standards in effect at the time of design and construction, but also after construction, this same facility is *also* an existing facility. Therefore, in addition to the new construction requirements, a public accommodation has a continuing obligation to remove barriers that are deemed barriers, only after construction. Such barriers include but are not limited to the elements that are first covered in the 2010 Standards. 28 CFR 36.104, Subpart A.

18. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) is readily achievable by the Defendant due to the low costs of removing its existing architectural barriers and the government assistance made available to Defendant pursuant to Section 44 of the IRS Code.

19. Defendant has discriminated, and continues to discriminate, against Plaintiff, and others who are similarly situated, by denying equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Natch's BBQ & Grill located at the subject facility owned, operated, leased, controlled, maintained, and/or administered by Defendant, Natch's LLC, in derogation of 42 U.S.C. § 12101 *et seq.,* and as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers where such removal is readily achievable.

20. Pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*, 28 C.F.R. § 36.304 and/or § 36.401, Defendant is required to remediate the subject facility, a place of public accommodation, to be accessible to persons with disabilities. To date, Defendant has failed to comply with this mandate and in so doing, has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of his disability. This conduct or acts of omission by Defendant constitutes deliberate, knowing and intentional discrimination against Plaintiff.

21. Plaintiff has been unable to and continues to be unable to enjoy equal

access to, and the benefits of equal services at the subject location owned, operated, leased, controlled, maintained, and/or administered by Defendant. Prior to the filing of this lawsuit, Plaintiff visited the subject property and was denied full, safe, and equal access to all of the benefits, accommodations and services offered within and about the subject facility owned, operated, leased, controlled, maintained, and/or administered by Defendant, Natch's LLC. Plaintiff's access was inhibited by and he personally encountered each of the described barriers to equal access detailed in this Complaint which remain at the subject location in violation of the ADA. Because of the foregoing, Plaintiff has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

22. Plaintiff resides in Kellyton, Alabama, a rural community in Coosa County which abuts Talladega County where the subject facility is located. Plaintiff frequently travels to the area of the subject facility as it is on the direct route from his home to his attorney's office in Birmingham. Plaintiff also travels to the area of the subject facility to visit stores, restaurants, and other places of public accommodation not available to him and his family within his rural home community.

23. Plaintiff continues to desire and intends to visit the subject Natch's BBQ & Grill in Childersburg, Alabama in the future with the same frequency as he has previously, but continues to be injured in that he is unable to enjoy equal access

and continues to be discriminated against due to the barriers to equal access that remain at and about the subject location in violation of the ADA. Absent remedial action by Defendant, Plaintiff will continue to encounter the architectural barriers to equal access described herein and as a result, be discriminated against by Defendant on the basis of his disability. Plaintiff has been discriminated against and continues to have reasonable grounds for believing that he will be discriminated against in the future because of Defendant's continuing deliberate and knowing violations of the ADA. Due to the definiteness of his future plans to visit the subject facility, there exists a genuine threat of imminent future injury.

24. Defendant's subject facility is in violation of 42 U.S.C. § 12181 *et seq.*, the ADA and 28 C.F.R. § 36.302 *et seq.*, and is discriminating against Plaintiff as a result of *inter alia*, the following specific violations:

a. Failure to provide an accessible parking space with the requisite access aisle within the parking lot which meet the minimum requirements for accessible parking under the ADA;

b. Failure to provide an accessible route for equal access from the existing parking spaces into the facility;

c. Failure to provide accessible seating within the facility for equal access to the interior and exterior dining areas for people in wheelchairs;

d. Failure to provide an accessible cashier counter which meets the

minimum requirements for equal access to people in wheelchairs;

    e.    Failure to construct and/or modify restrooms for accessibility including, but not limited to, failing to:

    i.    provide operable restroom door hardware which does not require tight grasping, pinching, and/or twisting of the wrist to open/close and/or lock the door once inside;

    ii.    provide an accessible toilet which is located within the maximum acceptable distance to the near side wall for equal access to people in wheelchairs so that they may transfer from their wheelchair to the toilet without added difficulty;

    iii.    provide rear or side wall grab bars for the toilet;

    iv.    provide a toilet with its flush lever mounted on the open side of the single user restroom for equal access to people in wheelchairs;

    v.    provide an accessible lavatory with the requisite clear space for maneuverability and access to people in wheelchairs;

    vi.    position the existing lavatory mirror at an accessible height for individuals with disabilities;

    vii.    position the existing hand towel dispenser within the maximum requisite reach range for equal access to people in wheelchairs;

    viii.    position the existing hand soap dispenser within the maximum requisite reach range for equal access to people in wheelchairs;

25. There are other current barriers to equal access and violations of the ADA which affect persons which utilize wheelchairs for mobility, such as Plaintiff, that exist at the subject facility which have not been specifically identified herein as Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only after a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

26. The barriers to equal access described herein constitute substantial and pervasive discriminatory barriers to equal access which seriously affect the civil rights of individuals with disabilities, including Plaintiff's. None of the barriers described herein constitute de minimus violations of the ADA. To date, the discriminatory barriers still exist at the subject facility as Defendant has failed to remove, repair, or otherwise alter said barriers in such a way as to effectuate compliance with the provisions of the ADA.

27. The remediation of barriers and accommodations sought by Plaintiff in this Complaint are readily achievable, technically feasible, structurally practicable, will not result in a significant loss of marketing and/or sales space, will not cause an undue burden on Defendant, will not alter the fundamental nature of Defendant's business, and will not pose a direct threat to the health or safety of others.

28. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys'

fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

29. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, Plaintiff hereby requests judgment against Defendant and requests the following relief:

A. That the Court declare that the subject property and subject facility owned, operated, leased, controlled, maintained, and/or administered by Defendant is violative of the ADA;

B. That the Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order requiring Defendant to cease business operations at the subject facility for such reasonable time so as to allow Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, and undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs, (including expert fees) and litigation expenses, and such other and further relief of suit, to

Plaintiff; and

  E. That the Court award such other and further preventive relief as it deems necessary, just and proper.

  Dated this the \_\_30th\_\_ day of \_\_March\_\_, 2017.

_____
John Allen Fulmer II (ASB-1089-O42F)
*Attorney for Plaintiff*

**Of Counsel:**
**FULMER LAW FIRM, P.C.**
PO Box 130373
Birmingham, AL 35213
Telephone: (205) 402-2100
Email: jaf@jafulmerlaw.com